Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1035 | **DATE** | 8/9/2001 |
| **CASE TITLE** | Kremnitzer vs. Cabrera & Rephen | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 9/10/2001 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant Kremnitzer's motion (Doc 10-1) for class certification. We must deny as moot the motion (Doc 11-1) to strike C&R's Rule 68 offer of judgment since the offer is not filed with the court, but we hold that the offer of judgment is without force in light of out certification of a class action.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 10 2001 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 19 |
| | Mail AO 450 form. | FILED FOR DOCKETING | |
| | Copy to judge/magistrate judge. | 01 AUG -9 PM 3:39 | AUG 10 2001 date mailed notice |
| SCT | courtroom deputy's initials | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT M. KREMNITZER, individually )
and on behalf of all others similarly situated, )
)
             Plaintiff, )
)
vs. )    01 C 1035
)
CABRERA & REPHEN, P.C. a New Jersey )
professional corporation, )
)
             Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Plaintiff Robert M. Kremnitzer asks this Court to certify a class action. In addition, Kremnitzer moves to strike the Rule 68 offer of judgment of Defendant Cabrera & Rephen, P.C. For the following reasons, we grant the motion for class certification. In light of the class certification, we dismiss as moot the motion to strike the Rule 68 offer of judgment because the offer is without force.

### BACKGROUND

On February 15, 2001, Robert M. Kremnitzer ("Kremnitzer") filed suit against Cabrera & Rephen, P.C. ("C&R") alleging that C&R's uniform practices violated the Fair Debt Collection Practices Act ("FDCPA"). Specifically, the Complaint asserted

that C&R failed to provide a thirty-day validation as required by section 1692 of the FDCPA and made uniform collection calls containing false threats of imminent arrest in violation of section 1692e of the FDCPA. C&R answered the Complaint on March 21, 2001.

C&R then made a Rule 68 offer of judgment received by Kremnitzer on March 26, 2001. Soon thereafter, on April 4, Kremnitzer filed a motion for class certification. The following day, he moved to strike the Rule 68 offer of judgment. At the status hearing on May 16, 2001, in order to foster settlement discussion, C&R withdrew its Rule 68 offer of judgment and Kremnitzer withdrew the motion for class certification.

Despite these overtures, C&R sent a new a Rule 68 offer of judgment to Kremnitzer dated June 6, 2001. As before, Kremnitzer responded with a motion for class certification and a motion to strike the Rule 68 offer of judgment, both of which were filed on June 14, 2001. C&R has not responded to either motion.

## DISCUSSION

*1. Motion for Class Certification*

Kremnitzer asks this court to certify his claims for class action treatment. He proposes a class comprised of "all persons similarly situated in the State of Illinois from whom Defendant C&R attempted to collect a consumer debt [by] failing to provide the 30-day validation required by § 1692g of the FDCPA and making uniform

collection calls in which consumers were falsely threatened with imminent arrest and/or criminal prosecution if a debt was not immediately paid." (Krem. Mem. at 1-2.) The class period begins one year before the date of this complaint to the present.

Our analysis of a motion for class certification turns on the requirements of Rule 23 of the Federal Rules of Civil Procedure. Rule 23(a) recites four threshold requirements that apply to all federal class actions: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a). In addition, Rule 23(b)(3) requires that questions of law or fact common to all class members predominate over questions affecting only individual members and that a class action is the superior method of adjudicating the case. Fed. R. Civ. P. 23(b)(3). Failure to meet any one of these threshold requirements precludes the Court from certifying the class. See Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 596 (7th Cir. 1993).

Kremnitzer has met all of the aforementioned requirements. First, he has established that the class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). C&R is in the business of collecting debts. In an affidavit, Kremnitzer's counsel stated that "two random individuals in two different states have confirmed that two different collectors employed by [C&R] . . . made virtually the same illegal threat, i.e., immediate arrest and criminal prosecution unless a debt is paid

immediately and . . . failed to send a validation notice." (Phillips Aff. ¶ 12.) From these examples we can reasonably infer that the alleged illegal threats occurred as part of C&R's usual course of business and, as such, affected a sufficient number of individuals to satisfy the numerosity requirement.

Second, we can discern "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Generally, a "common nucleus of operative fact" satisfies the commonality requirement. See Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992). The case at bar presents two issues: whether C&R has violated the FDCPA and, if so, what relief is appropriate. These issues furnish a "common nucleus of operative fact" in which every potential class member shares an interest, thereby fulfilling the commonality requirement. Id.

Typicality, the third requirement, is closely related to the question of commonality. See 149 F.3d 589, 595 (7th Cir. ). Claims are typical if they arise from the same event or practice or course of conduct that gives rise to the claims of other class members and are based on the same legal theory. See De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citations and internal quotation omitted). Kremnitzer's claims are typical of the claims of his fellow class members because they relate to a pattern of misconduct in debt collection. Accordingly, they meet the typicality requirement of Rule 23(a)(3).

Fourth, Kremnitzer and his counsel will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). Kremnitzer's interests appear to mirror those of his potential classmates, and every indication is that he has a sufficient interest in the outcome of the litigation to ensure vigorous advocacy. See, e.g., Secretary of Labor v. Fitzsimmons, 805 F.2d 682, 697 (7th Cir. 1986) (en banc). Furthermore, Kremnitzer's counsel has presented sufficient credentials to assure competent and vigorous prosecution of this case. Greisz v. Household Bank (Illinois), 176 F.3d 1012, 1013 (7th Cir. 1999).

Next we turn to the provisions of Rule 23(b). Certification under Rule 23(b)(3) is appropriate where (1) questions of law or fact common to the members of the class predominate over any questions affecting only individual members and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Szabo v. Bridgeport Machines, Inc., 249 F.3d 672, 676 (7th Cir. 2001). Kremnitzer has satisfied both elements. Liability in this case is predicated on the same legal theory and the same alleged misconduct by C&R toward the class members. A class action appears to be a superior method of adjudication because of the modest amount of potential claims, the importance of notifying class members of their rights under the FDCPA, and general principles of judicial economy.

Accordingly, because Kremnitzer has met the requirements of Rule 23, we certify a class pursuant to Rule 23(b)(3).

*2. Motion to Strike Rule 68 Offer of Judgment*

Kremnitzer also moves to strike the offer of judgment C&R made pursuant to Rule 68 of the Federal Rules of Civil Procedure. He maintains that Rule 68 offers of judgment impermissibly conflict with Rule 23 class actions. In support of his motion, Kremnitzer points out that Rule 23(e) requires court approval of the settlement of a class action. This required intervention of the court renders Rule 68 "literally inapplicable," according to Kremnitzer, because Rule 68 addresses only those settlements struck between two parties.

To bolster this position Kremnitzer cites numerous cases finding that an offer of judgment conflicts with the policies underlying Rule 23. He cites a footnote in Justice Brennan's dissenting opinion in <u>Marek v. Chesny</u>, in which the Justice notes several problems with the application of Rule 68 to class actions. See 473 U.S. 1, 34 n.49 (1985). First, allowing offers of judgment in class actions could pose a conflict of interest for the class representative:

> [An] offeree's rejection would burden named representative-offeree with the risk of exposure to heavy liability [for costs and expenses] that could not be recouped from unnamed class members. . . . This could lead to a conflict of interest between the named representatives and other members of the class.

Id. at 34 (internal citations omitted). The Justice continued, citing the necessity of involving courts in class action settlements:

> Moreover, Rule 23(e) require the court's approval before a class action is compromised; the Rule protects class members "from unjust or unfair settlements affecting their rights by representatives who lose interest or are able to secure satisfaction of their individual claims by compromise." Yet Rule 68 does not mesh with such careful supervision. Its "plain language" requires simply that upon the plaintiff's acceptance "the clerk *shall* enter judgment."

Id. (internal citations omitted) Finally, the Justice discussed the thorny issue of timing:

> Rule 68 sets a nondiscretionary 10-day limit on the plaintiff's power of acceptance – a virtually impossible amount of time in many cases to consider the likely merits of complex claims of relief, give notice to class members, and secure the court's approval.

(Id.) All of these considerations pose problems in applying Rule 68 in the class context.

The Seventh Circuit has not spoken directly to this issue. In Holstein v. City of Chicago, the Seventh Circuit held that where the City offered a complete refund of plaintiff's money before plaintiff had sought certification of a putative class, the district court properly dismissed as moot plaintiff's claims for lack of subject matter jurisdiction. See 29 F.3d 1145, 1147 (7th Cir. 1994). In dicta, however, the court noted that mootness requirements are different in the context of a class action. See id. "If the district court has certified the class before the expiration of the plaintiff's claims,"

wrote the Court, "mootness is avoided." Id. Because plaintiff had not even moved for class certification prior to the "evaporation of his personal stake," he was unable to avail himself of the class action exception to the mootness doctrine. Id.

More recently, in Greisz v. Household Bank (Illinois), N.A., following the denial of plaintiff's motion for class certification, the defendant made a Rule 68 offer of judgment which exceeded the claim's value. See 176 F.3d 1012, 1014 (7th Cir. 1999). The Seventh Circuit held that the offer of judgment eliminated a legal dispute upon which federal jurisdiction could be based. See id. at 1015. As the Court quipped, "You cannot persist in suing after you've won." Id. However, the Court commented in dicta that the result would have differed if the defendant had made its offer of judgment before the judge decided whether to certify the class. As the Court reasoned, "before the class is certified . . . an offer to one is not an offer of the *entire* relief sought by the suit, unless the offer comes before class certification is sought, and so before the existence of other potential plaintiffs has been announced." Id. (internal citations omitted).

Although both of these cases make some distinction between settlement offers prior and subsequent to class certification, neither addresses the issue at hand, namely the effect of a motion to certify a class filed during the pendency of a Rule 68 offer of judgment. Two of our brethren courts have addressed that issue, however. In Asch v.

Teller, Levit & Silvertrust, P.C., another court in the Northern District concluded that a motion for class certification filed during the pendency of a Rule 68 offer of judgment precluded a plaintiff from accepting the offer of judgment. See 200 F.R.D. 399, 400 (N.D. Ill. 2000). Noting the absence of clear guidance from the Seventh Circuit, the district court evinced an unwillingness to permit defendants to short-circuit plaintiffs' abilities to mount a class action by making early Rule 68 offers of judgment. See id. The Court reasoned:

> Allowing the plaintiffs the kind of retaliatory strike seen here and in Janikowski [v. Lynch Ford, Inc., No. 98 C 8111, 1999 WL 608714 (N.D. Ill. Aug. 5, 1999)], where the plaintiff can avoid the Rule 68 offer by moving for class certification during its pendency, adds an appropriate degree of symmetry to the oft-observed asymmetrical bite of Rule 68. Nor does it run afoul of the express language of the rule. It has the additional salutary effect of taking away the incentive for a defendant to make a Rule 68 offer before either party has had a reasonable opportunity to evaluate the case; it restores Rule 68 to the role it should have – a means of facilitating and encouraging settlements, rather than a clever device for gaining advantage by racing to the courthouse.

Id. In light of these considerations, the Court refused to dismiss plaintiff's claim. See id.

In our view, the certification of a class operates as a material change in the nature of the litigation which extinguishes a pending Rule 68 offer of judgment against a single plaintiff. As the Seventh Circuit observed, "an offer to one is not an offer of the *entire* relief sought by the suit." Greisz, 176 F.3d at 1015. When certification

transforms the single-plaintiff action into a class action, the "adverse party" to whom the Rule 68 offer of judgment was addressed changes materially. Whereas that "adverse party" consisted previously of a single plaintiff, it is now comprised of dozens, scores, or even hundreds of individuals. The amount of claimed damages likewise soars. In light of these material changes, the "adverse party" to whom the Rule 68 offer of judgment was directed is not the same "adverse party" that exists post-certification. Instead, that first "adverse party" disappears, taking with it the Rule 68 offer of judgment that once pended against it.

Our reasoning extends to the situation before us, where Kremnitzer sought class certification during the ten days following the Rule 68 offer of judgment. Obviously Kremnitzer could not achieve class certification during this limited period. That he sought it is enough at least to suspend the Rule 68 offer of judgment directed toward him, due to the possibility that the "adverse party" would change materially upon certification. That became the case upon our granting of his motion for class certification. To conclude otherwise would invite the kinds of abuses and injustices that Justice Brennan described and that our brethren Courts have sought to avoid.

## CONCLUSION

For the foregoing reasons, we grant Kremnitzer's motion for class certification. We must deny as moot the motion to strike C&R's Rule 68 offer of judgment since the

offer is not filed with the court, but we hold that the offer of judgment is without force in light of our certification of a class action.

_Charles P. Kocoras_ (signature)

Charles P. Kocoras
United States District Judge

Dated: August 9, 2001